```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CLEAN AIR CAR SERVICE &
PARKING BRANCH THREE, LLC,
CLEAN AIR CAR SERVICE &                              MEMORANDUM AND ORDER
PARKING CORP., OPERR                                 Case No. 1:23-cv-09495 (FB)
TECHNOLOGIES, INC., OPERR
SERVICE BUREAU, INC., KEVIN S.
WANG,

                        Appellants,

    -against-

CLEAN AIR CAR SERVICE &
PARKING BRANCH TWO, LLC, and
OPERR PLAZA, LLC,

                        Appellees.
---------------------------------------------------x
```

*Appearances*:
For the Appellants:
KEVIN S. WANG
Wood Wang & Associates, PLLC
30-50 Whitestone Expy, Ste. 402
Flushing, NY 11354

*For the Appellees*:
JAY S. HELLMAN
THOMAS A. DRAGHI
ALEXANDRA TROIANO
Westerman Ball Ederer Miller Zucker
& Sharfstein, LLP
1201 RXR Plaza
Uniondale, NY 11556

**BLOCK, Senior District Judge:**

Appellants ask the Court to vacate and reverse the February 8, 2024 order of the United States Bankruptcy Court for the Eastern District of New York approving the sale of the assets of the Debtor-Appellee, Clean Air Car Service & Parking Branch Two, LLC (the "Clean Air Two Debtor"). *In re: Clean Air Car Service &*

*Parking Branch Two, LLC and Operr Plaza, LLC*, Case No. 23-41937 (NHL), ECF No. 246 (Bankr. E.D.N.Y. 2023) (the "Sale Order"). They also request that the Court dismiss the bankruptcy proceeding in its entirety, *sua sponte*.

For the following reasons, this appeal is dismissed as statutorily moot.

## I.

The Court relayed the facts of this case in its March 13, 2024 Memorandum and Order denying Appellants' motion for a stay pending appeal. *Clean Air Car Serv. & Parking Branch Three, LLC v. Clean Air Car Serv. & Parking Branch Two, LLC*, No. 23-CV-9495 (FB), 2024 WL 1144635, at *1 (E.D.N.Y. Mar. 13, 2024) (the "Stay Decision"). The Court assumes the parties' familiarity with those facts and incorporates them herein by reference.

As noted therein, this appeal concerns the authorized sale of the Clean Air Two Debtor's principal asset — a parking garage — to an unaffiliated bidder (the "Buyer") for $4.5 million.

## II.

The threshold issue before the Court is whether this appeal is statutorily moot because the Clean Air Two Debtor's property was sold to a good-faith purchaser. The Court holds that it is.

Section 363(m) of the Bankruptcy Code provides that:

2

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

This means that when, as here, a sale authorized pursuant to 11 U.S.C. § 363 is not stayed, the appeal is statutorily moot if the property was purchased in good faith.[1] *See In re Motors Liquidation Co.*, 428 B.R. 43, 53 (S.D.N.Y. 2010). A good-faith purchaser is someone who "purchases the assets for value, in good faith and without notice of adverse claims." *See In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997).

The record is plain regarding the first and second prongs: the Clean Air Two Debtor's property was sold for value, as determined by the amount an unaffiliated third-party was willing to pay in a fair, competitive auction. *See In re Boston Generating, LLC*, 440 B.R. 302, 325 (Bankr. S.D.N.Y. 2010) ("[Fair] sale process reflects a true test of value."). And there is no evidence of any "fraudulent, collusive actions specifically intended to affect the sale price or control the outcome of the sale." *In re Gucci*, 126 F.3d at 390.

---

[1] As noted in the Stay Decision, the Supreme Court recently determined that § 363(m) was non-jurisdictional. *See MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 297 (2023). Thus, although compliance with § 363(m) remains important and mandatory, "a party can lose the benefit of its terms." *See Matter of Fieldwood Energy LLC*, 93 F.4th 817, 823 (5th Cir. 2024).

The more significant question is the Buyer's knowledge of any "adverse claims." Two groups of claims are at issue.

First, Appellants have a claim against the estate asserting that they have the right to operate the parking garage and collect rent that would have otherwise been paid to the Clean Air Two Debtor, based on a disputed lease agreement. But the bankruptcy court addressed this issue by ruling that the lease agreement, to the extent it implicated an interest in the property at all, was subject to "a bona fide dispute" under 363(f).[2] Accordingly, the property could be — and was — sold "free and clear" of any interest implicated by Appellants' claims regarding the disputed lease agreement.[3] *See In re Borders Grp., Inc.*, 453 B.R. 477, 485 n.4 (Bankr. S.D.N.Y. 2011) ("[S]ection 363(m) protects a good faith sale from an unstayed appellate challenge, including where the sale is approved free of interests under section 363(f)."); *In re Scimeca Found., Inc.*, 497 B.R. 753, 772 (Bankr. E.D. Pa. 2013) ("[T]he effect of such a sale is to divest the property sold of all

---

[2] This determination was not clearly erroneous as the representations from the parties, as discussed at the August 29 hearing, provided "an objective basis for either a factual or legal dispute as to the validity of the [interest]." *See In re Downtown Athletic Club of New York City, Inc.*, No. M-47 (JSM), 2000 WL 744126, at *4 (S.D.N.Y. June 9, 2000).

[3] As the Bankruptcy Court explained in its order, Appellants are "adequately protected by having their Encumbrances, if any . . . attach to the cash proceeds of the Sale." Sale Order 9.

4

interests so that the purchaser holds no legal responsibility to honor those interests."). Thus, the Buyer's alleged knowledge of this claim did not bear on its status as a good-faith purchaser, because the claim was not adverse to the Buyer's interest in the property. *See Matter of RE Palm Springs II, L.L.C.*, 65 F.4th 752, 760 (5th Cir.) ("Adverse claims with regard to good faith purchasers implies ownership must be disputed . . . the knowledge required to vitiate such a label is of defect in title or adverse claim *to* it.") (cleaned up) (emphasis in original).

Second, Appellants rely on their already-litigated claims to have continuing managerial and ownership rights in the Clean Air Two Debtor because those interests were not properly sold. *See Operr Plaza, LLC v. Wang*, No. 654192/2021, 2022 WL 43689, at *1 (N.Y. Sup. Ct. Jan. 03, 2022) (recognizing that Kevin Wang "no longer owns the [Clean Air Two Debtor]."), *aff'd*, 208 N.Y.S.3d 196 (1st Dep't 2024). Regardless of whether those claims are now precluded or barred here by an abstention doctrine, they do not impinge upon the Buyer's status as a good-faith purchaser because they do not create an ownership interest in the property that was sold. *Matter of RE Palm Springs*, 65 F.4th at 760.

In sum, § 363(m) prohibits the Court from reversing or modifying the bankruptcy court's order, rendering this appeal statutorily moot.

interests so that the purchaser holds no legal responsibility to honor those interests."). Thus, the Buyer's alleged knowledge of this claim did not bear on its status as a good-faith purchaser, because the claim was not adverse to the Buyer's interest in the property. *See Matter of RE Palm Springs II, L.L.C.*, 65 F.4th 752, 760 (5th Cir.) ("Adverse claims with regard to good faith purchasers implies ownership must be disputed . . . the knowledge required to vitiate such a label is of defect in title or adverse claim *to* it.") (cleaned up) (emphasis in original).

Second, Appellants rely on their already-litigated claims to have continuing managerial and ownership rights in the Clean Air Two Debtor because those interests were not properly sold. *See Operr Plaza, LLC v. Wang*, No. 654192/2021, 2022 WL 43689, at *1 (N.Y. Sup. Ct. Jan. 03, 2022) (recognizing that Kevin Wang "no longer owns the [Clean Air Two Debtor]."), *aff'd*, 208 N.Y.S.3d 196 (1st Dep't 2024). Regardless of whether those claims are now precluded or barred here by an abstention doctrine, they do not impinge upon the Buyer's status as a good-faith purchaser because they do not create an ownership interest in the property that was sold. *Matter of RE Palm Springs*, 65 F.4th at 760.

In sum, § 363(m) prohibits the Court from reversing or modifying the bankruptcy court's order, rendering this appeal statutorily moot.

## CONCLUSION

For the foregoing reasons, the appeal of the bankruptcy court order approving the sale of the Clean Air Two Debtor's assets is DISMISSED.

**SO ORDERED.**

    _/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 24, 2024